against defendant's objection that such a cause of action was not alleged in the complaint, upon which the case was tried and submitted to the jury. No amendment of the complaint that it conform to the proof, or that it be amended by appropriate allegations to permit such proofs, was asked for upon the trial. Whether such amendment would have been proper, or whether, since the employers' liability act, an employé must bring his action for injuries under that act, or whether that act takes away from him his common-law right of action, we do not now decide. It is sufficient for the present case that against the defendant's objection, duly taken, the plaintiff recovered a judgment upon a common-law cause of action when his complaint set forth a cause of action wholly under the statute. His judgment is founded on a cause of action wholly separate and distinct from that alleged in his complaint, and cannot be sustained on appeal. Southwick v. First National Bank of Memphis, 84 N. Y. 420; Truesdell v. Sarles, 104 N. Y. 167, 10 N. E. 139; Reed v. McConnell, 133 N. Y. 426, 31 N. E. 22. Irrespective of whether or not an employé still retains his right to bring a common-law action for injuries against his employer notwithstanding the employers' liability act, if he chooses to bring his action under that act his proofs must establish a cause of action thereunder. He cannot plead within the precise terms of the act, and then be permitted to prove, if seasonable objection be made, acts of negligence wholly outside his complaint. Smith v. Lockwood, 13 Barb. 209; Woolsey v. Trustees of Ellenville, 69 Hun, 489, 23 N. Y. Supp. 410; Hoffman v. Third Ave. R. R. Co., 45 App. Div. 587, 61 N. Y. Supp. 590; Coyle v. Third Ave. R. R. Co., 18 Misc. Rep. 9, 40 N. Y. Supp. 1131.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

(90 App. Div. 570.)

BARKLEY v. LEWIS et al.

(Supreme Court, Appellate Division, Third Department. January 6, 1904.)

1. PARTNERSHIP—DISSOLUTION—CONTINUED USE OF STATIONERY—LIABILITY OF RETIRING PARTNER.

The fact that a retiring partner permits his copartner to continue the use of the firm stationery, on which the names of both appear, will not preclude him from pleading the dissolution of the partnership to an action for goods sold by one who had never dealt with the partnership while it existed, and which the retiring partner did not know were consigned to the partnership.

Appeal from Trial Term, Rensselaer County.

Action by John W. D. Barkley against Ray B. Lewis and Clinton Beckwith. From a judgment for plaintiff and the denial of a new trial, defendant Beckwith appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Charles D. Thomas, for appellant.
Warren McConihe, for respondent.

¶ 1. See Partnership, vol. 38, Cent. Dig. § 665.

HOUGHTON, J.  The action is to recover the value of certain valves claimed to have been furnished by the plaintiff's assignor, the Mohawk & Hudson Manufacturing Company, to the defendants Lewis and Beckwith, as copartners.  The appellant, Beckwith, had been a partner with Lewis in the installation of a water system at Mt. Kisco.  During the continuance of that partnership, letter heads were printed and used, reading as follows:  "R. B. Lewis & Company, Herkimer, N. Y., General Contractors, Waterworks, Sewers, Dams, Foundations, &c.  R. B. Lewis, Clinton Beckwith."  After the completion of the Mt. Kisco contract, Lewis opened an account with plaintiff's assignor, and directed that the goods be shipped to him at another place.  The first installment was shipped to him individually, and thereafter they were shipped to R. B. Lewis & Co., but it was not shown that Beckwith knew that the goods were so consigned.  The only evidence tending to charge appellant, Beckwith, as copartner was that he knew that Lewis was using the old stationery in his correspondence, and permitted him to do so.  The plaintiff's assignor had not dealt with the old partnership, but opened its account after it was in fact closed.  The permitting of the use of the stationery was not such an act as estopped the appellant from denying the partnership, or constituted him a partner as to the vendors.  Nor was there any other evidence in the case which had that effect.  The defendant's motion for a nonsuit should have been granted, and, failing to do this, the court should have granted his motion for a new trial.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.  All concur.